Case 2:13-CV-04543-FSH-JBC - Answer/Motion to Civil Action Complaint - Alcatel-Lucent

Plaintiff: Alcatel-Lucent USA Inc., ET AL.,

**Defendant: Ronald M. Nickson**

United States District Court – District of New Jersey

Clerk: William T. Walsh

Deputy Clerk: Brian D. Kemner

Clerks Office
50 Walnut Street
Newark, NJ 07102
Phone: 973-645-3730

Plaintiff's Attorney:

Joseph Lubertazzi, Jr.
Peter Knob
McCarter & English, LLP
Four Gateway Center, 100 Mulberry Street
Newark, NJ 07102
Phone: 973-622-4444

re: **Case 2:13-CV-04543-FSH-JBC**

The following is my answer/motion to the served complaint per the listed case above.

I do not believe that the payout given to me by Alcatel-Lucent Retirement Income Plan (ALRIP) was an error. On 2-28-13, I talked with a Mr. Anton Dawson, Sr. Operations Manager – Alcatel-Lucent Pension Service Center, and I communicated to him that I did not remember all the details regarding my departure with ATT Bell Laboratories which was back around 1990 (twenty-three (23) years ago). It was a very challenging time of crisis, for in a single day, approximately twenty-four thousand (24,000) employees lost their jobs, income, and benefits. I believe that day made history as the largest one-time layoff by a single company in the history of the United States to that date.

I requested to Mr. Dawson and stated that I would appreciate being sent tangible proof and corresponding documentation outlining the details as to the amount to which I was entitled and that of which I actually received. To date, no such proof was given to me (e.g., signed payout statement, canceled payout check, calculation or chart pertaining to the determination of benefit amount, etc.).

As a result, my motion is that the case be dismissed.

If Alcatel-Lucent is able to sufficiently prove via tangible supporting documentation that indeed the payout given to me is an overpayment to which I am not entitled, then I believe that I am entitled to some remuneration as a result of being inconvenienced, losing time, peace of mind, dashed hope and plans, and for incurred costs, and seek to be financially compensated as follows:

For the time invested in reading and rereading the large document sent so that I clearly understood how to properly proceed in order to receive the one-time offered payout. There was a lot of information to process and strict guidelines to follow.

For the time and cost making phone calls to my IRA Administrator and the IRS inquiring as to the legalities and procedures if receiving this lump sum payout (e.g., tax liabilities, penalties, etc.).

For the time spent in planning as to how to proceed with the management and investment of this lump sum payout having once received it.

For the emotional stress as a result of the plaintiff coming against me via phone calls and threatening letters in their attempts to reclaim the lump sum payout in question making me feel as though I was doing something wrong by desiring tangible proof that this indeed was an error.

For the loss of dashed dreams and a new hope based on the loss of the good that the lump sum payout and its proceeds would/could provide, especially since I have been in a season of financial hardship.

For the expenses incurred as a result of this lawsuit brought against me (e.g., postage, any fees, time learning how to represent myself as a Prose in this case, etc.).

For complications and inconveniences having to re-file my income taxes, and straightening this all out with the IRS going forward.

Ronald M. Nickson                                                Date: 10-10-13

*[signature: Ronald M. Nickson]*

Mr. Ron Nickson
110 Wiltshire Ct
Schaumburg, IL 60193

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2013 OCT 15 PM 3 28

United States District Court
District of New Jersey
Clerks Office
50 Walnut Street
Newark, NJ 07102